UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTRACKER, INC., <br> Plaintiff, <br> v. <br> ARRAY TECHNOLOGIES, INC., <br> Defendant. | Case No. 3:17-cv-06582-JD <br><br> **ORDER RE MOTION TO FILE UNDER SEAL** <br> Re: Dkt. No. 27 |

This order resolves the pending administrative motion to file documents under seal filed by plaintiff Nextracker, Inc. ("Nextracker"). Dkt. No. 27.

## I. Legal Standard

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a "dispositive" motion or a "non-dispositive" motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access

to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179 (citations omitted). Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1135-38). In either case, however, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 12-cv-003305-LHK, 2012 WL 6202719, at *4-5 (N.D. Cal. Nov. 18, 2013)).

The distinction between dispositive and non-dispositive motions is not literal, but depends on "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Motions that are "technically nondispositive" yet "strongly correlative to the merits of a case" are subject to the presumption of public access to judicial records. *Id.* at 1099.

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," i.e., is "sealable." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

**II.      Discussion**

The pending motion is associated with Nextracker's complaint and defines the merits of the case. Consequently, the "compelling reason" standard applies. Nextracker seeks to redact the identities of named customers in order to prevent poaching by competitors. *See, e.g.*, Dkt. No. 27-3 at 8; Dkt. No. 27-1. The Court finds that this is a compelling reason and grants the motion to file under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (compelling reason to seal "sources of business information that might harm a litigant's competitive standing").

### III. Conclusion

The motion to seal, Dkt. No. 27, is granted in full.

**IT IS SO ORDERED.**

Dated: February 2, 2018

JAMES DONATO
United States District Judge